# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| KENT THOMAS WARREN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-4094-SAC-ADM |
| UNIVERSITY OF ILLINOIS-CHAMPAIGN/URBANA et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Kent Thomas Warren's Motion to Appoint Counsel. (ECF No. 4.) For the reasons discussed below, Mr. Warren's motion is denied.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). But Mr. Warren's claims are made pursuant to Title VI, which, unlike Title VII, "has no appointment of counsel provisions." *Storman v. Sacramento Reg'l Transit Dist.*, 70 F. App'x 438, 440 (9th Cir. 2003). Another statutory basis for appointment of counsel authorizes the court to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). But that statute also does not apply here because the undersigned recommended that the court deny Mr. Warren's motion to proceed IFP. (ECF Nos. 5 & 6.)

Even if Mr. Warren were proceeding IFP, appointment of counsel under § 1915(e)(1) would not be warranted. In deciding whether to appoint an attorney to represent an indigent party,

the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

The first factor—the merits of Mr. Warren's claims—weighs against appointing counsel. Mr. Warren's complaint alleges that defendants University of Illinois-Champaign/Urbana, University of Arizona-Tucson, Southern Illinois University-Carbondale, Northern Arizona University-Flagstaff, and Western Governors University-Utah discriminated against him on the basis of national origin, in violation of Title VI. (ECF No. 1, at 28.) The court questions whether Mr. Warren's allegations will be found to state a claim under Title VI, but, perhaps more obviously, whether the defendants—all of which are universities located outside of Kansas—are subject to personal jurisdiction in this District. *See Scherer v. Curators of Univ. of Missouri & Law Sch. Admission Council*, 152 F. Supp. 2d 1278, 1286 (D. Kan. 2001) (finding the court did not have personal jurisdiction over an out-of-state university where the Kansas resident plaintiff brought a civil rights claim after he was denied admission to law school).

The second factor is the nature and complexity of the factual and legal issues in the case. Mr. Warren's claims relate to alleged national origin discrimination. The factual and legal issues do not appear to be complex. This factor also weighs against appointing counsel.

The third and final factor is Mr. Warren's ability to investigate the facts and present his claims. Here, Mr. Warren's factually detailed complaint demonstrates that he has already conducted at least some investigation, and he has previously presented his claims to the Department of Education's Office for Civil Rights. There is no indication that he could not continue his investigation and adequately present his claims to the court.

Accordingly,

**IT IS THEREFORE ORDERED** that Mr. Warren's Motion to Appoint Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated November 25, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge