IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENT THOMAS WARREN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 5:19-CV-04094 |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY OF ILLINOIS-CHAMPAIGN/URBANA, ) | |
| UNIVERSITY OF ARIZONA-TUCSON, ) | |
| SOUTHERN ILLINOIS UNIVERSITY-CARBONDALE, ) | |
| NORTHERN ARIZONA UNIVERSITY-FLAGSTAFF, and ) | |
| WESTERN GOVERNORS UNIVERSITY-UTAH, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WESTERN GOVERNORS UNIVERSITY-UTAH'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

COMES NOW separate Defendant Western Governors University-Utah ("WGU"), by and through counsel, and respectfully moves that the Court dismiss the complaint (Doc. 1) filed by Plaintiff Kent Thompson Warren ("Plaintiff") in accordance with Federal Rule of Civil Procedure 12(b)(6). As explained below in WGU's memorandum in support of its motion, Claim A, which attempts to assert a claim for alleged violation of 42 U.S.C § 2000(d), fails to state a claim against WGU upon which relief can be granted. In particular, it is plain from the allegations in Plaintiff's complaint that he is seeking to hold WGU liable under section 2000(d) on the premise that WGU excluded the plaintiff from participation in its university and denied plaintiff the benefits thereof on the basis of his national origin. However, Plaintiff has failed to assert he is a member of a protected class and his lawsuit is barred by the Kansas statute of limitations.

**I.      NATURE OF THE CASE AND STATEMENT OF RELEVANT FACTS[1]**

Plaintiff asserts a claim against Defendants in this action, all arising from his alleged denial in receiving entrance to the various Universities. (*See generally* Doc. 1, Complaint). Plaintiff entered the University of Illinois-Champaign/Urbana in 1989. (*See id*. at III Statement of Claim ¶¶ 1.) In 1999, Plaintiff allegedly entered the University of Arizona-Tucson and claims that its admissions application did not take into consideration professional knowledge, skills, training experience. (*See id.* ¶¶ 2). Plaintiff allegedly attempted entry into two additional universities, Southern Illinois University-Carbondale and Northern Arizona University-Flagstaff and was allegedly denied entry to both universities. (*See id* ¶¶ 3, 4.)

In 2014, Plaintiff claims he entered WGU. (*See id*. at ¶¶ 8). Plaintiff does not provide a description for what entry means. Plaintiff claims he was "reprimanded and notified he failed to meet criteria with regard to this disposition concern". *Id*. Plaintiff alleges that the admissions application did not take into consideration his professional level, knowledge, skills, trainings or experience. *Id*.

Plaintiff subsequently filed this action against WGU, University of Illinois Champaign/Urbana, University of Arizona Tucson, and Northern Arizona University-Flagstaff alleging that the Universities excluded Plaintiff, a United States Citizen from participating in their programs. Plaintiff attempts to assert a claim against all defendants under 42 U.S.C. § 2000(d) for alleged violation of his constitutional rights. (*See id*. at Claim A). It is this claim that is the focus of WGU's motion to dismiss.

---

[1] This statement of "facts" is based on the factual allegations in Plaintiff's complaint. For purposes of this motion to dismiss, Plaintiff's pleaded facts (but not his legal conclusions) are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. STATEMENT OF THE QUESTION PRESENTED

The issue before the Court is whether Claim A of Plaintiff's complaint (Doc. 1) for alleged violation of 42 U.S.C. §2000(d), states a claim against WGU upon which relief can be granted.

## III. ARGUMENT AND ANALYSIS

### A. Standard of Review

WGU moves for dismissal of Plaintiff's section 2000(d) claim under Federal Rule of Civil Procedure 12(b)(6). The standard that applies to such a motion is well established. As this Court recently stated:

> To survive a motion to dismiss under Rule 12(b)(6), a complaint, "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" [*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)] (quoting [*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007))]. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (Citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S.at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co. LTD.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law."…
>
> Pro se litigant's pleadings are to be construed liberally, they are held to a less stringent standard than formally drafted pleadings by lawyers. *Hains v. Kerner*, 404 U.S. 519-520-21, 92 S.Ct. 594 L.Ed.2d 652(1972) *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). However, mere conclusory allegations without supporting facts are insufficient to state a claim upon which relief can be granted. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). "The court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations. *Dunn*, 880 F.2d at 1190 (quoting [*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984))]."
>
> When asserting whether a plaintiff has stated a plausible claim, the court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). But the court is "'not bound to accept as true the legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly* 550 U.S. at 555). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d. 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

*Hattrup v. Internal Revenue Serv.*, No. 17-4038-DDC-JPO, 2018 WL 3207911, at *3-4 (D. Kan June 29, 2018.)

**B.     Plaintiff's complaint does not provide a basis for recovering against WGU under 42 U.S.C. 2000(d) because Plaintiff is not a member of a protected class.**

Claim A of Plaintiff's complaint attempts to assert a claim against WGU under 42 U.S.C. § 2000(d). This statute provides "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *See* 42 U.S.C. § 2000(d).

With regards to Title VI, "Section 601 prohibits intentional discrimination based on race, color, or national origin in covered programs and activities." *Alexander v. Sandoval*, 532 U.S at 276, 121 S.Ct. 1511 (2001). Section 601 prohibits against instances of intentional discrimination and not disparate impact practices. *Id*. at 281, 121 S.Ct. 1511. In the absence of direct evidence of discrimination, the McDonell Douglas burden-shifting analysis governs § 1981 and Title VI Claims. *Guardians Ass'n v. Civil Serv Comm'n of N.Y.*, 463 U.S. 582, 103 S.Ct. 3221- 77 L.Ed 866 (1983).

"Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case. If the plaintiff can establish a prima facie case, then the burden shifts to the defendants to produce a legitimate nondiscriminatory reason for their actions. If the defendants meet that burden, then the plaintiff must demonstrate that the defendants' proffered reason is merely pretextual, meaning that it is "unworthy of credence." *Silva v. St. Anne Catholic School*, 595 F. Supp 2d 1171, 1182 (D. Kan. 2009) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.ed.2d 207 (1981). "To establish a prima facie case of discrimination

under Title VI, plaintiff must show that (1) he is a member of a protected class; (2) he suffered adverse action; and (3) that he was treated less favorably that similarly situated students. *EEOC v. BCI Cola-Cola Bottling Co.*, 450 F.3d 476, 483-84 (10th Cir. 1998) (Title VII)." National origin is narrowly defined and relates to ethnicity or ancestry rather than citizenship or alienage. *See, e.g. Espinoza v. Fara Mfg. Co.*, 414 U.S. 86, 93, 94 S.Ct. 334,38 L.Ed.2d 287 (1973).

Plaintiff in his complaint does not allege that he is member of a recognized protected class. In his complaint, Plaintiff alleges that he is a United States Citizen. He does not purport to be a minority based on race, gender, sexual orientation, or any other classification that would entitle him to protection under 42 U.S.C. § 2000(d). He does not assert that his ancestors belong to a protected group based on their national origin. Plaintiff merely states a legal conclusion that he has been discriminated against based on his national origin. He has not asserted that he was treated less favorably than similarly situated students. Plaintiff's only allegation, which is conclusory in nature, is his failure to get into these universities. Ultimately, Plaintiff has put forth no allegation directly tying his denial of entry into WGU to discriminatory practices based on his national origin.

**C.     Plaintiff's Complaint for Alleged Violation of his Civil Rights is barred by the Kansas Statute of Limitations.**

Claim A of Plaintiff's complaint attempts to assert a claim against WGU under 42 U.S.C. § 2000(d). This statute provides no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *See* 42 U.S.C. § 2000(d). However, plaintiff's claim for relief is barred by the two-year statute of limitations for bringing alleged Constitutional Rights violations in Kansas.

There is no federal statute of limitations for claims brought under 42 U.S.C § 2000(d). Congress directs courts to look at state law in civil rights cases where federal law is "deficient in

5

the provisions necessary to furnish suitable remedies… [and the state law] is not inconsistent with the Constitution and laws of the United States…" 42 U.S.C. 1988 (1981 & Supp. 1992). Section § 1983 and § 1981's statute of limitations are governed by Kan.Stat.Ann §60-513(a)(4) because they are claims for injury to the rights of another (1963 & Supp. 1992). *Pike v. City of Mission Kan.* 731 F.2d 655, 658 (10th Cir. 1984).

To determine the applicable state statute of limitation, a court must characterize the essential nature of a federal action before applying the relevant statute of limitations. *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984). The court focuses not on the remedy, but on the elements of the cause of action. *Id* at. 650-51. "The two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." *Baker v. Board of Regents of State of Kan*. 991 F.2d 628, 631 (10th Cir. 1993) (quoting [*Jackson v. Conway*, 476 F.Supp. 896, 903 (E.D.Mo.1979), *aff*'d, 620 F.2d 680 (8th Cir. 1980))]. The 10th Circuit Court of Appeals has held that Title VI as a civil rights statute is analogous to sections 1983 and 1982 because the language of title VI refers to discrimination against a "person," which is similar to the language of sections 1983 and 1981 protecting "persons" from deprivation of rights. *Baker* 991 F.2d at 631. Because of this, the 10th Circuit has held that claims asserted under § 42 U.S.C. 2000d in the District Court of Kansas fall under a two-year statute of limitations as described in Kan.Stat.Ann § 60-513(a)(4).

Kan.Stat.Ann § 60-513(a)(4), the applicable state statute, provides in relevant part, "the following actions shall be brought within two years. An action for injury to the rights of another, not arising in contract, and not herein enumerated." This means actions alleging a violation of civil rights must be brought within two years: […] if the complaint is brought in the District Court

of Kansas.  Plaintiff filed a complaint in the District Court of Kansas alleging he enters WGU in 2014 before he was reprimanded and denied readmissions.  Plaintiff does not allege he attempted admission into WGU after 2014.  Because of Kan.Stat.Ann § 60-513(a)(4), Plaintiff had two years to file his complaint with the District Court.  The filing deadline was September 2016.  He did not file a complaint until 2019.  Plaintiff is therefore barred under the statute of limitations from bringing any action against WGU.  Because plaintiff's complaint is barred by the statute of limitations, he has failed to state a claim upon which relief may be granted.

## D.    CONCLUSION

For the forgoing reasons, WGU respectfully requests that Court dismiss with prejudice Plaintiff's complaint (Doc. 1) against WGU in accordance with Federal Rule of Civil Procedure 12(b)(6).  WGU requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

*/s/ John G. Schultz*
JOHN G. SCHULTZ           KS   #22871
8900 Ward Parkway
Kansas City, MO  64114
(816) 421-7100 Phone
(816) 421-7915 Fax
jschultz@fsmlawfirm.com
**Attorney for Defendant**
**Western Governors University-Utah**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of December 2019, the foregoing document was filed with the Court via the ECF system, which sends notification of such filing to all counsel of record, and sent via U.S. mail to the below unrepresented parties:

Kent Thomas Warren
1301 West 24th Street, E18
Lawrence, KS 66046
**Plaintiff Pro Se**

President's Office – Urbana
University of Illinois-Champaign/Urbana
364 Henry Admin. Building
506 S. Wright St., MC-346
Urbana, IL 61801
**Defendant**

Dr. Robert C. Robbins, President
University of Arizona-Tucson
Old Main, Room 200
1200 East University Boulevard
PO Box 210021
Tucson, AZ 85721-0021
**Defendant**

J. Kevin Dorsey, M.D., Ph.D.
Southern Illinois University System
1400 Douglas Drive
Carbondale, IL 62901
Mailcode: 6801
**Defendant**

Rita Cheng, President
Northern Arizona University
PO Box 4092
Flagstaff, AZ 86011
**Defendant**


*/s/ John G. Schultz*
**Attorney for Defendant**
**Western Governors University-Utah**