```
              THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

KENT THOMAS WARREN,

                  Plaintiff,

vs.                                        Case No. 19-4094-SAC-ADM

UNIV. OF ILLINOIS-CHAMPAIGN/URBANA,
UNIV. OF ARIZONA-TUSCON,
SOUTHERN ILLINOIS UNIV.-CARBONDALE,
NORTHERN ARIZONA UNIV.-FLAGSTAFF, and
WESTERN GOVERNORS UNIV.,

                  Defendants.

## **O R D E R**

Plaintiff alleges that the defendant universities violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, "by excluding the plaintiff, an United States citizen, from participation in a program receiving federal financial assistance by reason of national origin, denied the plaintiff the benefits of a program receiving federal financial assistance by reason of national origin, and subjected the plaintiff to discrimination by reason of national origin through failure to provide non-discriminatory admissions requirements (work/life experience equitable to degree standing) to an United States citizen, the plaintiff, comparable to that of a foreign national, non-immigrant." Doc. No. 1, p. 28. According to plaintiff, the alleged denial of credit for work/life experience or prior training

1

or education negatively affected plaintiff's participation or opportunity to participate at the defendant universities.

Plaintiff filed this action on October 17, 2019. He proceeds pro se.

This case is before the court upon defendants' motions to dismiss. Defendant Western Governors University (WGU) has filed a motion to dismiss (Doc. No. 8) pursuant to Fed.R.Civ.P. 12(b)(6) arguing that plaintiff has failed to state a claim. The remaining defendants have filed a motion to dismiss (Doc. No. 34) pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6) arguing that the court lacks personal jurisdiction over them and that plaintiff has failed to state a claim.

I. Standards

The court construes plaintiff's pro se filings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's pro se status, however, does not excuse him from complying with the court's rules. See Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

When deciding whether plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 557).

Plaintiff has the burden of establishing personal jurisdiction over each defendant. Rockwood Select Asset Fund XI(6)-1, LLC v. Devine, Millimet & Branch, 750 F.3d 1178, 1179-80 (10th Cir. 2014). In the preliminary stages of litigation, this burden is light. AST Sports Science, Inc. v. CLF Distribution Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008). Plaintiff need only make a prima facie showing of personal jurisdiction where the court does not conduct an evidentiary hearing. Id. at 1057. Plausible, non-conclusory and non-speculative allegations in the complaint are accepted as true if they are not controverted by an affidavit or other proof. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). The court resolves all factual disputes in favor of the plaintiff in determining whether he has made such a showing. AST Sports Science, 514 F.3d at 1056.

II. <u>Plaintiff's claims against all defendants except Western Governors University shall be dismissed for lack of personal jurisdiction.</u>

To establish personal jurisdiction, plaintiff must show that the requirements of the Kansas long-arm statute, K.S.A. 60-308, are satisfied and that the exercise of jurisdiction is consistent with constitutional due process.  See <u>Dudnikov</u>, 514 F.3d at 1070.  In practice, the Kansas long-arm statute is construed to be consistent with the United States Constitution; so no separate inquiry is required.  <u>Federated Rural Elec. Inc. Corp. v. Kootenai Elec. Co-op.</u>, 17 F.3d 1302, 1305 (10th Cir. 1994).

Due process requires that a defendant have such minimum contacts with the forum state that "he should reasonably anticipate being haled into court there."  <u>Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.</u>, 618 F.3d 1153, 1159-60 (10th Cir. 2010)(quotation omitted).  The question raised here by the defendants other than WGU is whether their contacts with Kansas are sufficient to support either general jurisdiction, that is jurisdiction for all purposes, or specific (case-linked) jurisdiction.  <u>Old Repub. Ins. Co. v. Cont'l Motors, Inc.</u>, 877 F.3d 895, 903 (10th Cir. 2017).  General jurisdiction and specific jurisdiction have been explained as follows:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim [at issue] be related to those contacts.  Specific jurisdiction, on the other hand, is premised on

> something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

Dudnikov, 514 F.3d at 1078 (citations omitted).

Plaintiff alleges that he entered and later left, or was denied entry into the University of Illinois, the University of Arizona, Southern Illinois University, and Northern Arizona University between 1989 and 2012. He further asserts that he emailed inquiries to these schools in 2018 and 2019 to which they responded.

The complaint does not allege the kind of "continuous and systematic" contacts with Kansas which would justify a finding of general jurisdiction. Several courts have held that general jurisdiction may not be exercised over out-of-state higher-education institutions merely because, for instance, they advertise, recruit students, or maintain contacts with alumni in the forum state. See Isaacs v. Arizona Bd. of Regents, 608 Fed.Appx. 70, 75-76 (3rd Cir. 2015)(mailing a few letters to plaintiff into the forum state is insufficient for general or specific jurisdiction); Snodgrass v. Berklee College of Music, 559 Fed.Appx. 541, 541-42 (7th Cir. 2014)(offering online courses does not support general jurisdiction); Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 542 (3d Cir. 1985)(correspondence, tuition payments and advertisements are insufficient for general

5

or specific jurisdiction); Mateo v. University System of New Hampshire, 2019 WL 199890 *3-4 (D.Mass. 1/14/2019)(denying general and specific jurisdiction except as to two allegedly defamatory letters sent to forum state); Corrales Martin v. Clemson Univ., 2007 WL 4531028 *5-6 (E.D.Pa. 12/20/ 2007)(normal national university conduct and letter sent to Pennsylvania regarding grievance process do not support general or specific jurisdiction); Chira v. Columbia Univ. in the City of New York, 2005 WL 8156561 *6-11 (C.D.Cal. 5/3/2005)(no general or specific jurisdiction found upon review of several cases); Scherer v. Curators of Univ. of Missouri & Law Sch. Admission Council, 152 F. Supp. 2d 1278, 1282-86 (D. Kan. 2001) (no general or specific jurisdiction found despite correspondence into forum state and common university conduct).

Specific jurisdiction exists when a lawsuit arises from or relates to the defendant's contacts with the forum. Daimler AG v. Bauman, 571 U.S. 117, 126-27 (2014). The court may exercise specific jurisdiction where: 1) the out-of-state defendant "purposefully directed" activities at residents of Kansas with knowledge that the brunt of injury would be felt in Kansas; 2) plaintiff's injuries arose from those purposefully directed activities; and 3) exercising jurisdiction would not offend traditional notions of fair play and substantial justice. Newsome v. Gallacher, 722 F.3d 1257, 1264-65 (10th Cir. 2013). The lawsuit

must arise from the contacts a defendant creates with the forum state, not contact between plaintiff and the forum state or contact between the defendant and persons who now reside in the forum state. Waldon v. Fiore, 571 U.S. 277, 284-85 (2014). Here, plaintiff alleges an injury because the defendant universities did not or would not extend credit to plaintiff for work or life experience, or equal knowledge, skills or training. There are no allegations that this occurred because of the universities' contacts with Kansas. The only activities purposely directed at Kansas residents which are described in the complaint are harmless responses to communications initiated by plaintiff. This is insufficient to justify the exercise of specific jurisdiction as noted by the cases cited in the previous paragraph.

Because plaintiff has not carried his burden of alleging a prima facie case of personal jurisdiction, the court shall grant the motion to dismiss of defendants University of Illinois, the University of Arizona, Southern Illinois University, and Northern Arizona University. Because jurisdiction is lacking, the court cannot render judgment on the merits of the other issues raised by these defendants. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998); Daugherty v. United States, 73 Fed.Appx. 326, 329-30 (10th Cir. 2003).

7

III. <u>The complaint fails to state a claim against defendant WGU</u>.

WGU's motion to dismiss argues that plaintiff has not stated a claim for a violation of § 2000d for two reasons.[1]  First, WGU argues that Title VI does not make it illegal to discriminate on the basis of citizenship.  The court agrees.  See <u>Espinoza v. Farah Mfg.Co.,</u> 414 U.S. 86, 95 (1973)(nothing in Title VII of the Civil Rights Act makes it illegal to discriminate on the basis of citizenship); <u>Pathria v. Univ. of Texas Health Science Center</u>, 531 Fed.Appx. 454, 456 (5th Cir. 2013)(citizenship is not a protected category under Title VI); <u>Guimaraes v. SuperValu, Inc.</u>, 674 F.3d 962, 973 (8th Cir. 2012)(Title VII does not make it illegal to discriminate on the basis of citizenship); <u>Alper v. Gallup, Inc.</u>, 2012 WL 12886610 *4 (D.Nebr. 7/5/2012)(rejecting Title VII claim alleging discrimination based on U.S. citizenship); <u>Vicedomini v. Alitalia Airlines</u>, 1983 WL 616 *3-4 (S.D.N.Y. 11/14/1983)(same); <u>Dowling v. United States</u>, 476 F.Supp. 1018, 1022 (D.Mass. 1979)(same).  Therefore, plaintiff has failed to state a claim under Title VI against WGU.

WGU also contends that plaintiff has not timely filed his claim.[2]  A two-year statute of limitations is applied to claims

---

[1] Section 2000d provides that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

[2] Although the statute of limitations is an affirmative defense, the statute of limitations may be enforced upon a Rule 12(b)(6) motion when the defense is

8

brought under Title VI in this court.  Baker v. Board of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993); Standifer v. City of Elwood, 2020 WL 708027 *2 (D.Kan. 2/12/2020); Dockery v. Unified School Dist. No. 231, 382 F.Supp.2d 1234, 1243-44 (D.Kan. 2005).  Federal law governs the time of accrual for federal law claims.  Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998).  Such claims accrue when the plaintiff knows or should know that his or her rights have been violated.  Id.  The focus is on the alleged discriminatory act and not the point in time when the consequences of the act were felt.  Chardon v. Fernandez, 454 U.S. 6, 8 (1981).  Plaintiff has not alleged facts showing that WGU took actions to violate plaintiff's rights under Title VI within two years of the date plaintiff filed this action.  He alleges that he was denied entry into WGU in September 2014 and perhaps that this action had a continuing impact upon him.  These allegations do not toll the operation of the statute of limitations.  Any continuing impact from a denial of entry or dismissal from school does not extend the limitations period.  See Pike v. City of Mission, 731 F.2d 655, 660 (10th Cir. 1984)(post-termination denial of reinstatement and due process hearing and maintenance of employment records reflecting discharge do not

---

obvious from the face of the complaint and no further factual record is required to be developed.  Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016).

9

provide grounds for alleging continuing violation).  Therefore, plaintiff's claims against WGU should be dismissed as untimely.[3]

III. Conclusion

For the above-stated reasons, the court shall grant WGU's motion to dismiss (Doc. No. 8) and dismiss plaintiff's claims against WGU with prejudice.  The court shall also grant the remaining defendants' motion to dismiss (Doc. No. 34) and dismiss plaintiff's claims against those defendants without prejudice.  The court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint.  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006).  The court will not allow plaintiff an opportunity to amend here.

**IT IS SO ORDERED.**

Dated this 4th day of March 2020, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3] The personal jurisdiction and statute of limitations arguments described in this order would also require dismissal of any constitutional claims plaintiff would make under 42 U.S.C. § 1983.